IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TANEISHA BEDENFIELD,

        Plaintiff,

vs.                                           Case No. 19-2658-SAC

UNITED PARCEL SERVICE, INC.,

        Defendant.

MEMORANDUM AND ORDER

The plaintiff Taneisha Bedenfield ("Bedenfield") has filed an employment discrimination complaint asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and two Kansas common-law claims of negligent retention and negligent supervision. The defendant United Parcel Service, Inc. ("UPS"), moves under Fed. R. Civ. P. 12(b)(6) to dismiss Bedenfield's two common-law claims (counts three and four). ECF## 7 and 8. UPS argues the federal district courts in Kansas have consistently held that a plaintiff does not have a negligence claim in the employment context against her employer for a co-employee's harassment.

The plaintiff's complaint asserts 1) that she was subjected to repeated instances of sexual harassment contributing to a hostile work environment; 2) that she was retaliated against for reporting this unlawful conduct; 3) that UPS failed to address this repeated unlawful conduct; 4) that UPS negligently retained and supervised the employees who committed

this unlawful conduct and who were known for engaging in such behavior; 5) that UPS violated its policies and codes; and 6) that UPS knowingly and maliciously subjecting plaintiff to extreme fear, anxiety and distress. ECF# 1, p. 1.

The well-established standards governing a motion under Rule 12(b)(6), *Mayfield v. Bethards,* 826 F.3d 1252, 1255 (10th Cir. 2016), were followed in that the court looked at whether the facially plausible factual allegations sustain a reasonable inference that the defendant is liable under the asserted claim for relief. UPS here seeks dismissal of counts three and four arguing the plaintiff cannot assert a cognizable claim for relief under Kansas law governing such claims. This is a proper ground for dismissal under Rule 12(b)(6). *See Meier v. Chesapeake Operating L.L.C.*, 778 Fed. Appx. 561, 568 (10th Cir. Jun. 21, 2019).

On her Kansas common-law claims for negligent retention and supervision, the plaintiff alleges for both that the defendant "knew or should have known that the employees who harassed and assaulted . . . [her] were unfit or incompetent," that the defendant "had reason to believe that an undue risk of harm existed to others as a result of the continued employment of that employee," and that the plaintiff's injury from these employees acts was within the foreseeable risk created by retaining these employees. ECF# 1, ¶¶ 134-136, 139-141. As far as her factual allegations, the plaintiff accuses a co-employee of touching her hips and backside. After

complaining to a supervisor, she did not have to work with that co-employee. She eventually gave a written statement and met with supervisors and human resources concerning this incident. The co-employee did come to her work area on a couple occasions, and a supervisor stepped in front of the plaintiff on one occasion when the employee approached the plaintiff. The plaintiff was surprised when another employee revealed having heard about the plaintiff's confidential harassment complaint. She also learned that the employee who had harassed her had a history of such behavior.

The plaintiff also alleges that in June of 2018, a female co-worker harassed and physically assaulted her during an employee meeting. When the plaintiff told her to stop, the co-worker grabbed the plaintiff a second time. Both the plaintiff and supervisor yelled at the co-worker to stop, and she did so only after repeated shouting. The plaintiff was disturbed that several people witnessed this, and yet, "those present just watched, and after this incident, went about their business, as if that kind of thing was normal or not out of the ordinary." ECF# 1, ¶ 61. The plaintiff made both a verbal statement and a written complaint about this incident to human resources. She expressed to management that she did not feel safe, and she was assured some measures would be put into place to deal with the employee. The plaintiff was surprised when the defendant allowed this employee to return to work and even permitted her to pass by the area

where the plaintiff worked. Finally, the plaintiff alleges the defendant has a duty to protect its employees from physical assaults, sexual harassment, and a hostile work environment. The plaintiff also alleges a corresponding duty not to retain an employee who sexually harasses, physically assaults, or harasses other employees. In effect, the plaintiff is claiming the defendant is negligent in supervising and retaining employees who caused her physical and emotional harm.

UPS seeks dismissal of the common-law claims as the two alleged assailants and harassers were the plaintiff's co-workers at the time of the alleged incidents. Kansas law does impose a duty on employers to "hire and retain only safe and competent employees." *Plains Res. Inc. v. Gable*, 235 Kan. 580, 590, 682 P.2d 653 (1984) (liability for damages caused by an employee done to a third party who was not a co-employee). "[T]o find an employer liable for negligently hiring or retaining an employee, there must be some causal relationship between the dangerous propensity or quality of the employee, of which the employer has or should have knowledge, and the injuries suffered by the third person . . . ." *Schmidt v. HTG, Inc.*, 265 Kan. 372, 961 P.2d 677, *cert. denied*, 525 U.S. 964 (1998). Federal district courts in Kansas, however, have held that "[a]n employee who has been injured by a coworker cannot recover against her employer for negligent retention, supervision or training; recovery is generally limited to third parties." *Greer v. Southwestern Bell Telephone Company,* 2019 WL

2646662, at *2 (D. Kan. Jun. 27, 2019) (citations omitted). "Twenty years ago, the Court answered that "Kansas has not and would not recognize the torts . . . in th[at] factual context," that is, when an employee is injured by a fellow employee. *Forbes v. Kinder Morgan, Inc.*, 172 F. Supp. 3d 1182, 1201 (D. Kan. 2016) (citing *Beam v. Concord Hosp., Inc.*, 920 F. Supp. 1165, 1166 (D. Kan. 1996)), *aff'd*, 686 Fed. Appx. 552 (10th Cir. Apr. 21, 2017). The principles behind this rule are that "'an employer is not responsible for its employee's unauthorized acts committed outside the scope of the employee's duties,' and the employee's duties do not include the way she treats other employees." *Greer*, 2019 WL 264662 at *2 (quoting *Beam*, 920 F. Supp. at 1168). "For the same reason, harassment by a coworker will not constitute an actionable injury for the purposes of negligent supervision or training." *Id.* (citing *See Fiscus v. Triump Grp. Ops., Inc.*, 24 F. Supp. 2d 1229, 1242-43 (D. Kan. 1998); *Lawyer v. Eck & Eck Mach. Co.*, 197 F. Supp. 2d 1267, 1277 (D. Kan. 2002)). Because these holdings have looked to this court's long-standing analysis of Kansas law found in *Beam*, there are few reservations in following this line of precedent established for more than twenty years.

  The plaintiff counters with several arguments; none of which are convincing. The simple reason is that the plaintiff does not cite a single Kansas authority recognizing a plaintiff employee's ability to sue her employer for negligent supervision or retention of a co-employee who

allegedly harasses the plaintiff employee in an employment setting. The plaintiff offers *Reardon v. King*, --- Kan. ---, 452 P.3d 849 (2019), but her analysis of the decision is unremarkable and fails to establish its relevance here. The plaintiff there was a third party, a client of the employer, who sued the employer for negligently training an employee who also owed a fiduciary duty to the plaintiff client. Neither *Reardon's* facts nor its holding calls into the question or even implicate the line of authority controlling of the outcome of UPS's motion. The plaintiff cites but fails to show the relevance of the Kansas Supreme Court's recent decision finding unconstitutional the statutory cap on noneconomic damages. *Hilburn v. Enerpipe Ltd.*, 309 Kan. 1127, 442 P.3d 509 (2019).

        Finally, the plaintiff argues her case is "atypical" in that she was twice assaulted by two different employees with known histories for this kind of unlawful behavior and that one assault was witnessed by the members of defendant's management. The plaintiff does not explain how these facts impact applying the established line of precedent here. The precedent applies because Bedenfield is an employee suing her employer for negligently supervising or not terminating a co-employee for on-the-work harassment. There is nothing in the precedent that makes it conditional upon the seriousness of the harassment or upon the degree of the employer's knowledge of the co-employee's conduct. As already stated above, the principle guiding the precedent is that "'an employer is not

responsible for its employee's unauthorized acts committed outside the scope of the employee's duties, and the employee's duties do not include the way she treats other employees." *Greer*, 2019 WL 264662 at *2 (quoting *Beam*, 920 F. Supp. at 1168).[1]

In a single sentence, the plaintiff asks that if the court should feel compelled to grant the defendant's motion then it should certify this issue to the Kansas Supreme Court since the issue is one of Kansas law. "[C]ertification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1119 (10th Cir. 2008) (internal quotation marks and citation omitted). "[O]nly questions of state law that are both "unsettled and dispositive" are to be certified, and this determination is committed to the court's sound discretion." *Id.* at 1119-20. The uniformity and longevity of the federal precedent certainly puts in doubt whether the state law question here is as unsettled as questions should be for certification. In its discretion, the court declines to certify this question to the Kansas Supreme Court.

IT IS THEREFORE ORDERED that the defendant UPS's Rule 12(b)(6) motion to dismiss (ECF# 7) the plaintiff's two common-law claims (counts three and four) is granted;

---

[1] This line of authority also has said that efforts to restate "a federal employment law claim" into "a generic state law tort" are to be rejected and that Kansas courts are unlikely "to adopt a liability rule with such broad implications." *Fantroy v. Southwestern Bell Telephone Co.,* 2019 WL 1556207, at *2 (D. Kan. Apr. 10, 2019) (internal citations omitted).

7

IT IS FURTHER ORDERED that the plaintiff's request to certify the question to the Kansas Supreme Court is denied.

Dated this 12th day of February, 2019, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge